IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                      PLAINTIFF

v.                  CRIMINAL NO. 09-50033-001

ISMAEL GARDUNO-TREJO                      DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is the Defendant's **Motion for Resentencing with Supporting Authority (Doc. 35).** The Government has filed a Response in Opposition (Doc. 37) and the Defendant has filed a Reply thereto (Doc. 40). The undersigned, being well and sufficiently advised, finds and recommends as follows:

### BACKGROUND

1. On March 17, 2009, the Defendant pled guilty in the Circuit Court of Benton County to delivery of a controlled substance, for which, he received a ten-year suspended sentence, and to possession of a controlled substance, for which he received five years supervised probation. Garduno-Trejo v. State of Arkansas, 379 S.W.3d 692, 693 (Ark. Ct. App. 2010)

2. On March 25, 2009, the Defendant was arrested on a federal criminal complaint charging him with the distribution of methamphetamine on March 24, 2009. (Doc. 1.)

3. On March 26, 2009, the Judgment and Disposition Order was filed in the Benton County case. Id.

4. On April 1, 2009, the State filed petitions to revoke Defendant's suspended sentence and probation, alleging that he violated the conditions thereof. The violations were

based upon Defendant's federal arrest for the distribution of methamphetamine on March 24, 2009. Id.

5. On April 22, 2009, a federal indictment was returned, charging the Defendant in Count One with distribution of more than 50 grams of actual methamphetamine and, in Count Two, with possession with intent to distribute methamphetamine. (Doc. 6.)

6. On July 21, 2009, Defendant pled guilty to Count One of the indictment. (Docs. 18 & 19.)

7. On November 9, 2009, the Benton County Circuit Court granted the petitions to revoke and sentenced Defendant on each of the underlying drug offenses to forty years imprisonment to be followed by a ten-year suspended sentence. Id.

8. On November 19, 2009, a sentencing hearing was held in Defendant's federal case before the Honorable Jimm Larry Hendren. The Presentence Report assessed the Defendant three criminal history points for the prior Benton County convictions and, pursuant to U.S.S.G. 4A1.1(d), two criminal history points because the Defendant was under a criminal justice sentence (on probation and under a suspended sentence from Benton County) when he committed the federal offense on March 24, 2009. (PSR ¶¶ 35, 37.) Defendant objected to the assessment of two criminal history points for being under a criminal justice sentence at the time he committed the federal offense, arguing that the Benton County sentence pronounced on March 17, 2009, did not become effective under Arkansas law until the judgment was filed on March 26, 2009. Judge Hendren rejected Defendant's argument, reasoning that under Application Note 4 to U.S.S.G. 4A1.1, the term "criminal justice sentence" meant a sentence countable under U.S.S.G. 4A1.2 - the Guideline pertaining to Definitions and Instructions for Computing

Criminal History – and under 4A1.2(a)(4), if a Defendant has pled guilty, even if he has yet to be sentenced, the conviction is counted. Judge Hendren noted that it was not necessary to address the "legal thicket under Arkansas law as to when a conviction might be final," because the Guidelines and advisory notes established that "a conviction means that his guilt has been established." Judge Hendren, therefore, overruled the objection, noting, "I express no opinion as to what effect the Court's ruling here has on your state court attack on the revocation. Now, that's another matter. It seems to me that's under state court law. But I think for our purposes here, the two points are legitimately added." (Doc. 32 at pgs. 25-26.)

9. Judge Hendren determined that Defendant had an offense level of 31, a five-point criminal history, a criminal history category of III, and a Guideline range of 135-168 months imprisonment. Judge Hendren sentenced Defendant to 135-months imprisonment, a $15,000 fine, and 5 years supervised release. (Doc. 25.) On October 7, 2010, the Eighth Circuit affirmed the judgment and sentence. See United States v. Garduno-Trejo, 2010 WL 3910281 (8th Cir. Oct. 7, 2010). The Eighth Circuit held that the two criminal history points were properly counted under 4A1.1(d), as the Defendant had pled guilty to the state offense and "it is the date of the plea that determines the date of conviction, not the entering of a final judgment." Id. at * 2. The Eighth Circuit observed that whether a prior sentence counts for criminal history purposes is a question of federal, not state law. Id.

10. On November 17, 2010, the Arkansas Court of Appeals issued an opinion, holding that the Benton County Circuit Court had erred in revoking Defendant's probation and suspended sentence. The Court of Appeals reasoned that while Defendant had pled guilty to the underlying drug offenses on March 17, 2009, and his probation and suspended sentence had been

pronounced, the Judgment and Disposition Order was not filed until March 26, 2009. The Court of Appeals held that the suspended sentence and probation were, therefore, not in effect on March 24, 2009, when the Defendant committed the federal drug offense that served as the basis for the revocation. Garduno-Trejo, 379 S.W.3d at 694-96. The Court of Appeals issued its mandate on December 7, 2010.

11. On April 25, 2013, the Defendant, through the same counsel that represented him at trial, filed the motion now before the Court, arguing that he should be resentenced based upon the Arkansas Court of Appeals reversal of the Benton County Circuit Court's order of revocation. Specifically, Defendant argues that:

* he should only be assessed one criminal history point under U.S.S.G. 4A1.1(c), rather than three points under 4A1.1(a), as the 40-year revocation sentence that the three points were based on has been vacated; and

* he should not be assessed two additional criminal history points under 4A1.1(d), because he was not under a criminal justice sentence at the time of the instant offense.

12. The Government responds that Defendant's motion for resentencing is untimely and that, in any event, the reversal of his state-court revocation sentence does not entitle him to be resentenced.

## DISCUSSION

### Timeliness of Motion

13. As the Government points out, the Defendant does not explicitly state the legal basis for his motion seeking resentencing. The Government construes Defendant's motion as

-4-

AO72A
(Rev. 8/82)

seeking relief under 28 U.S.C. § 2255, and the Defendant cites to § 2255 in his Reply. Further, § 2255 appears to be the only avenue of relief to seek resentencing based upon the successful challenge to a state court conviction that effected the federal sentence. Accordingly, the undersigned construes Defendant's motion as seeking relief under § 2255. In <u>Johnson v. United States</u>, 544 U.S. 295, 298, 310 (2005), the Supreme Court held that when a prisoner challenges his federal sentence on the ground that a state conviction used to enhance that sentence has subsequently been vacated, § 2255(f)'s one-year limitations period begins to run when the prisoner receives notice of the order vacating the prior conviction. The Arkansas Court of Appeals issued its mandate vacating the revocation sentence on December 7, 2010. Accordingly, Defendant had until December 7, 2011, to file a § 2255 motion based upon the Arkansas Court of Appeals decision. Defendant did not file his motion, however, until April 25, 2013, well over a year past the expiration of the limitations period.

14.     In her Reply, Defense counsel asserts that the limitations period should be equitably tolled due to her ineffective assistance. Specifically, counsel asserts that she erroneously believed and represented to the Defendant that there was no deadline in which to file a motion for resentencing. Counsel explains that "in fact, [she] did not even know the statutory provision under which to file the Motion." (Doc. 40 at pg. 3.) Counsel asserts that Defendant "had no reason not to believe this misrepresentation, relied upon this misinformation, and has been prejudiced greatly by losing his only chance to attack this sentencing error." <u>Id.</u> The Eighth Circuit has recognized that the doctrine of equitable tolling is available to a § 2255 movant, but only where "an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." <u>United States v. Martin</u>, 408 F.3d 1089, 1093 (8th Cir. 2005). In <u>Martin</u>, the

movant's attorney consistently lied about the filing deadline for a § 2255 motion, repeatedly lied about the status of the case, refused to communicate with the movant, and failed to file any documents regarding the § 2255 motion with the court. The present case is distinguishable from Martin, as it appears defense counsel simply made an innocent mistake in not realizing the appropriate avenue of relief for seeking resentencing and in misadvising the Defendant that there was not a deadline for seeking such relief. Ineffective assistance of counsel caused by an attorney's negligence or mistake is not considered an extraordinary circumstance for the purposes of equitable tolling. See Byers v. United States, 561 F.3d 832, 837 (8th Cir. 2009); see also Rouse v. Lee, 339 F.3d 238, 248-49 (4th Cir. 2003) (noting that a majority of the circuits have held that basic attorney errors such as miscalculation of a filing deadline are generally insufficient to support equitable tolling), cert. denied, 541 U.S. 905 (2004).

15.  Based upon the foregoing, there appears to be no basis for equitable tolling of the limitations period and Defendant's motion is, therefore, subject to dismissal on the grounds that it was not filed within the one-year limitations period. While it is, therefore, unnecessary to address the merits of the motion, the undersigned will nevertheless do so.

**Merits of the Motion**

16.  The Arkansas Court of Appeals vacated Defendant's revocation sentence because it held that the term of probation and the suspended sentence on Defendant's underlying drug charges did not go into effect until the Judgment and Disposition Order was filed on March 26, 2009, two days after the federal drug offense that served as the basis for the revocation. The two criminal history points Defendant received under U.S.S.G. 4A1.1(d) for being under a criminal justice sentence at the time of the federal offense is not impacted in any way by the Court of

Appeals decision. As Judge Hendren and the Eighth Circuit observed, under the federal Sentencing Guidelines, it is the date of the plea, not the date of the final judgment, that determine the date of conviction. As the Defendant had pled guilty to the state charges prior to the commission of the federal drug offense, the two points were properly assessed.

17.    As to the extra two criminal history points Defendant received under U.S.S.G. 4A1.1(a), Defendant would not have received these points but for the revocation sentence. Absent these points, his sentencing range would have been 121-151 months, rather than the 135-168 month range found by the Court. The statutory minimum sentence Defendant was facing was 120-months imprisonment and the statutory maximum sentence was life imprisonment.

Section 2255 "does not encompass all claimed errors in conviction and sentencing," but rather "provides a remedy for jurisdictional and constitutional errors." Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011). Thus, "the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; []an error of law does not provide a basis for collateral attack unless the claimed error constituted []a fundamental defect which inherently results in a complete miscarriage of justice." Id. at 704 (internal citations omitted). In Sun Bear, the Eighth Circuit noted that "neither the parties' nor our own research have uncovered decisions in which a guidelines error was held to be a 'complete miscarriage of justice' cognizable under § 2255...." Id. at 704-05. The Eighth Circuit rejected the notion in Sun Bear that the miscarriage of justice exception applied because Sun Bear's claim was based on a post-conviction change in the law that rendered unlawful the district court's sentencing determination. The Eighth Circuit held that the sentence was not unlawful, because it was within the statutory maximum, the sentence was within the pre-enhancement range, and the same

sentence could be reimposed were Sun Bear granted the § 2255 relief he requested. Id. at 705. Similarly, in the present case, the 135 month sentence imposed is well below the statutory maximum of life imprisonment; it is within the 121-151 month Guideline range that would be applicable if the two criminal history points were not assessed; and Judge Hendren could impose the same sentence of 135 months if the Defendant were to be granted resentencing under § 2255. Accordingly, Defendant cannot establish that the reversal of his state court revocation sentence, which would lower his criminal history score by two points, renders his 135-month sentence unlawful.

## CONCLUSION

18. Based upon the foregoing, the undersigned finds that the Defendant's **Motion for Resentencing (Doc. 35)** is without merit and recommends that it be **DENIED**.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 27th day of September 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)